## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### OPELIKA DIVISION

| | |
|---|---|
| **CHRISTINA JOHNSON,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**HYUNDAI MOTOR FINANCE, PATRICK K. WILLIS COMPANY, INC. d/b/a AMERICAN RECOVERY SERVICES, and E. J. Y. ENTERPRISES d/b/a TRI STATE RECOVERY LLC,**<br><br>**Defendants.** | Civil Case Number:<br><br><u>**CIVIL ACTION**</u><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff **CHRISTINA JOHNSON** (hereinafter referred to as "Plaintiff") complains and alleges as against **HYUNDAI MOTOR FINANCE, PATRICK K. WILLIS COMPANY, INC. d/b/a AMERICAN RECOVERY SERVICES,** and **E. J. Y. ENTERPRISES d/b/a TRI STATE RECOVERY LLC (**hereinafter "Defendants") as follows:

### <u>JURISDICTION AND VENUE</u>

1.  The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### <u>NATURE OF THE ACTION</u>

3.  Plaintiff brings this action after the Defendants egregiously breached the peace and violated the Alabama UCC by repossessing the Plaintiff's vehicle over her repeated objections and while her young children were physically inside of that vehicle.  Plaintiff also brings a claim against Tri-State Recovery and American Recovery Services for illegally

1

repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692. Finally, the Plaintiff brings a claim for conversion of her vehicle and trespass to chattels.

4.  Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5.  Plaintiff is a natural person and a resident of Phenix City, Alabama and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

6.  Defendant American Recovery Services, a wholly owned subsidiary of the Patrick K. Willis Company, Inc. (hereinafter referred to as "ARS"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Sacramento, California, and which also does business as Skipbusters.

7.  Upon information and belief, Defendant ARS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8.  For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant ARS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9.  Defendant E. J. Y. Enterprises d/b/a Tri State Recovery LLC (hereinafter referred to as "Tri-State"), is a company that specializes in recovery management, skip tracing and impound services on behalf of lenders and creditors, with its principal place of business in Irvington, Alabama.

10. Upon information and belief, Defendant Tri-State is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

11. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant Tri-State is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. Defendant Hyundai Motor Finance ("Hyundai") is an automobile financing lender that serves Hyundai dealers nationwide with consumer vehicle financing, as well as dealer inventory and facility financing.

## ALLEGATIONS OF FACT

13. The Plaintiff owns a 2020 Kia Sorrento, which is financed through a loan from Hyundai.

14. The Plaintiff purchased and uses the Kia Sorrento for her personal use and enjoyment.

15. At some point prior to January 16, 2025, the Plaintiff fell behind on her payments on the Hyundai loan.

16. The money owed under the Hyundai loan agreement is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. As a result, Hyundai contracted with Defendant ARS to repossess the Plaintiff's vehicle.

18. Upon information and belief, ARS does not actually carry out repossessions on its own, but instead subcontracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Hyundai.

19. Upon information and belief, after being contracted by Hyundai to repossess the Plaintiff's vehicle, ARS arranged for Tri-State to carry out the actual repossession.

20. At approximately 7:30 p.m. on or about January 16, 2025, the Plaintiff's vehicle was lawfully parked outside a Target store located on Enterprise Drive in Opelika, Alabama.

21. Plaintiff's two minor children, ages sixteen (16) and one (1), remained inside Plaintiff's vehicle, which remained parked in the Target parking lot while the Plaintiff went inside the store.

22. While inside the store, the Plaintiff received a panicked call from her oldest child, who informed her that the Plaintiff's vehicle was hit by another vehicle.

23. In fear for her two minor children's safety, Plaintiff immediately rushed out of the store and headed towards the parking lot.

24. Upon arriving at the parking lot, Plaintiff observed that Defendants' repo agent had already hooked the tow truck to the rear of her vehicle, with the back end of the vehicle lifted off the ground.

25. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, as such actions can cause damage to the vehicle and injury to the occupants.

26. The Defendants' repo agent knew that he could not safely and legally lift and repossess an occupied vehicle and that doing so could cause injury or damage, but did so anyway.

27. Plaintiff immediately asked the repo agent to lower her vehicle.

28. At this point, Defendants' repo agent started antagonizing the Plaintiff and her oldest child, calling the Plaintiff's child names.

29. Defendants' repo agent refused to lower the Plaintiff's vehicle.

30. In response, the Plaintiff called law enforcement.

31. Plaintiff also objected to the repossession, stating that Defendants' repo agent was not permitted to tow the vehicle under these circumstances.

32. Once at the scene, law enforcement officers threated to arrest the Plaintiff if she did not remove her children from the car.

33. Plaintiff then asked the law enforcement officer to ask Defendant's repo agent to lower her vehicle in order to safely remove her children from the suspended vehicle.

34. The law enforcement officer refused the Plaintiff's request, forcing the Plaintiff to remove her children from the vehicle while it was lifted in the air.

35. Defendants' repo agent refused to stop with the repossession, ultimately repossessing the car despite Plaintiff's repeated and consistent objections.

## <u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against ARS and Tri-State)**

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 13-35 above, with the same force and effect as if the same were set forth at length herein.

37. Plaintiff brings this Count against Defendants ARS and Tri-State.

38. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

39. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

   (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

   (C)   the property is exempt by law from such dispossession or disablement.

40. Under Alabama Code § 7-9A-609, a secured party may take possession of collateral, without judicial process, **<u>only</u>** if it can be accomplished without a breach of the peace.

41. On January 16, 2025, the Defendants breached the peace by recklessly hooking and lifting an occupied vehicle and by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendants to stop the repossession and to put the car down.

42. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle once they breached the peace, and were prohibited from continuing to try to repossess it at that time.

43. The Defendants accordingly violated 15 USC § 1692f(6) when they continued to attempt to repossess the Plaintiff's vehicle on January 16, 2025.

44. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's  statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, by subjecting her to false, deceptive, unfair, or unconscionable means to collect a debt, and by depriving her of her vehicle and the right to pre repossession judicial process.

45. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer fear for her safety and the safety of her two minor children, anger, anxiety, emotional distress, lost sleep, frustration and embarrassment.

46. By reason thereof, Defendants ARS and Tri-State are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### Ala. Code § 7-9A-601, Ala. Code § 7-9A-609, et seq.
### (Against All Defendants)

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 13-35 above, with the same force and effect as if the same were set forth at length herein.

48. Plaintiff brings this Count against all Defendants.

49. Alabama law does not permit non judicial or "self help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Ala. Code § 7-9A-609.

50. On January 16, 2025, the Defendants breached the peace by recklessly hooking and lifting an occupied vehicle and by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendants to stop the repossession and to lower the vehicle.

51. As a result, the Defendants violated Alabama Code § 7-9A-609 when they continued trying to repossess the Plaintiff's vehicle on January 16, 2025.

52. By illegally repossessing the Plaintiff's vehicle on January 16, 2025, in violation of Alabama Code § 7-9A-609, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in causing the Plaintiff to fear for her safety and the safety of her minor children, and by subjecting her to unfair and unconscionable means to collect a debt.

53. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, lost sleep, anxiety, emotional distress, frustration, embarrassment, property damage, and depriving her of her vehicle and the right to pre-repossession judicial process.

54. By reason thereof, Defendants Hyundai, ARS and Tri-State are also liable to the Plaintiff for judgment that Defendants' conduct violated Alabama Code § 7-9A-601 and 7-9A-609, statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III

### CONVERSION /TRESPASS TO CHATTELS
**(Against All Defendants)**

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 13-35 above herein with the same force and effect as if the same were set forth at length herein.

56. Plaintiff brings this Count against all Defendants.

57. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle at a time that Plaintiff and not Defendant was entitled to the immediate right of possession to that vehicle.

58. The Defendants then held Plaintiff's vehicle and the possessions contained therein for a period of time, thereby exercising control over the Plaintiff's property and the possessions contained therein and converting that vehicle and property.

59. As set forth above, this was done illegally, in breach of the peace.

60. At the time of the repossession, the Defendants knew that they could not repossess an occupied vehicle and that they could not repossess a vehicle while faced with the active objections of the debtor, but they did so anyway.

61. As a result, Defendants did not have lawful justification for taking the vehicle.

62. Defendants' conversion of Plaintiff's Vehicle and trespass of her chattels harmed Plaintiff, by depriving her of the use of that vehicle and the possessions contained therein

63. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, lost sleep, fear for her safety and the safety of her minor children, anxiety, emotional distress, frustration, embarrassment, property damage, and depriving her of her vehicle and the right to pre-repossession judicial process.

64. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Awarding Plaintiff her actual damages incurred, as well as punitive damages;

    (b)    Awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 22, 2025                Respectfully submitted,

MARCUS ZELMAN, LLC

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@MarcusZelman.com
*Counsel for Plaintiff*
**Pro Hac Vice Motion**
**to be filed Concurrently**